(No. 17880.—Reversed and remanded.)
THE PEOPLE ex rel. William Piatt Smith, County Collector,
Appellee, vs. ANNA C. BARNES et al. Appellants.

*Opinion filed December 23, 1926.*

DRAINAGE—*when new assessment cannot be made under section 41 of Farm Drainage act.* An additional assessment, without a new classification of the lands and without notice to the land owners, is not justified under section 41 of the Farm Drainage act where the report of the commissioners shows that the extra expenditure is for an improvement not contemplated in the plan adopted at the time the lands were classified; and where such plan provided for an open ditch, which functioned well until it became filled up, the commissioners cannot, without notice and a new classification, make a new assessment for a tile drain to take its place.

APPEAL from the County Court of Piatt county; the Hon. M. R. DAVIDSON, Judge, presiding.

REDMON & REDMON, and McMILLEN & McMILLEN, for appellants.

ROBERT P. SHONKWILER, State's Attorney, CARL S. REED, and DOBBINS & DOBBINS, for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is from a judgment of the county court of Piatt county overruling objections to an assessment levied against the lands of appellants by Drainage District No. 4 of the town of Cerro Gordo, in Piatt county, and entering an order of sale.

The district was organized more than forty years ago. It extends north from the south line of Piatt county eight miles and includes approximately 8000 acres of land. The original system of drainage proved inadequate, and in 1901 the commissioners decided to make the outlet ditch deeper and wider and to extend it south beyond the boundaries

of the district for about a mile. These plans were finally completed in 1904 and a new classification of the lands in the district was made. The plan provided for a dredged ditch about thirty-five feet wide and eight feet deep, extending from a point a mile below the south end of the district through township 16 to the township line seven miles north. - North of the township line the ditch was extended north and west through lands in sections 34 and 27, in township 17, for about a mile and a half. This portion of the ditch was constructed by means of scrapers and was narrower and shallower than the dredged ditch south of the township line. Tile drains were connected with this ditch, and these drains functioned efficiently for about three years. Thereafter that portion of the ditch in township 17 began to fill with silt and vegetation and the ditch is no longer an adequate outlet for the tile drains. December 15, 1925, the drainage commissioners held a meeting at the residence of one of the commissioners and adopted resolutions setting forth the facts hereinbefore stated and finding that the lands in township 17 were not drained as intended when the lands were classified in 1904, and finding further that it was necessary, in order to give these lands the drainage contemplated, to construct a tile drain extending along the line of the ditch from the township line north and varying in size from twenty-two inches to sixteen inches. In order to construct this tile drain an assessment was extended against the lands of the district in accordance with the classification of 1904, in the amount of $8420.19. ·

The sole question in this case is whether the work for which this assessment is made is repair work or new construction. The commissioners rely upon the provisions of section 41 of the Farm Drainage act. This act provides: "After the completion of the work the commissioners shall thereafter keep the same in repair, and if they find by reason of error in locating or constructing the ditches, or any of them, or from any other causes the lands of the district

are not drained or protected as contemplated, or some of them receive partial or no benefit, they shall use the corporate funds of the district to carry out the original purpose to the end that all the lands, so far as practicable, shall receive their proper and equal benefits as contemplated when the lands were classified." It is undoubtedly the duty of the commissioners to provide an outlet of ample capacity for the waters of the district and to keep this outlet open so that the drainage system will function efficiently. In this case the commissioners provided an adequate outlet ditch, and as long as this ditch was kept free from obstructions it served as an efficient artery of the drainage system. Section 41 makes it the duty of the commissioners to keep this outlet ditch in repair and authorizes and directs them to spend the corporate funds of the district for that purpose. But an additional assessment, without a new classification and without notice to the land owners, is not justified under section 41 where the report of the commissioners shows that the extra expenditure is for an improvement not contemplated in the plan adopted at the time the classification was adopted. (*Schwartz* v. *Big Lake Drainage District,* 307 Ill. 209; *People* v. *Gibson,* 293 id. 80.) All the witnesses who testify in this case agree that the ditch constructed in 1909 was adequate and provided an efficient system of drainage, and that it would now drain and protect the lands as contemplated if it were restored to its original condition. The original plans did not contemplate the construction of a tile drain, and such construction was not in the minds of the commissioners or the land owners when the classification of 1904 was made. The engineer of the district, who now recommends that a tile drain be laid along the line of the old ditch instead of cleaning it out and restoring it to its original condition, was the engineer of the district in 1909, when the ditch was constructed. It might have been cheaper in the long run to lay a tile drain in the shallow portion of the ditch, and such a system might

have been more efficient than the one adopted, but if a new and different system is to be constructed in place of the one in contemplation at the time the classification of 1904 was made, the land owners are entitled to notice and a hearing on the question whether a new classification should be established before an assessment is levied against their lands for the new improvement.

The judgment is reversed and the cause remanded to the county court of Piatt county.

*Reversed and remanded.*